UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CATINA CAUDILL, | ) |
|        Plaintiff, | ) |
| v. | ) No. 1:19-cv-03156-JMS-MPB |
| HOLLEY CALHOUN, et al. | ) |
|        Defendants. | ) |

**Entry Granting Unopposed Motion for Summary Judgment
and Directing Entry of Final Judgment**

### I.  Background

Plaintiff Catina Caudill was an Indiana prisoner who at all relevant times was confined at Bartholomew County Jail ("Jail").  In her amended complaint, she alleges claims of Eighth Amendment deliberate indifference to serious medical needs related to her pregnancy and opiate addiction.  The remaining defendants, former nurse Holley Calhoun and Jail Officer Samuel Robinson move for summary judgment on their affirmative defense that Ms. Caudill failed to exhaust her administrative remedies before bringing this action.  For the reasons explained below, the defendants' unopposed motion for summary judgment, dkt. [33], is **granted**, and Ms. Caudill's claims are dismissed without prejudice.

### II. Legal Standards

**A.  Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted).

"A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

The defendants' motion for summary judgment, brief in support, and Rule 56 notice were served on Ms. Caudill on February 19, 2020. Dkts. 33, 34, 35. The consequence of Ms. Caudill's failure to respond is that she has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### B. Prison Litigation Reform Act

The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate

suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"This circuit has taken a strict approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citing *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). "An inmate must comply with the administrative grievance process that the State establishes, at least as long as it is actually available to the inmate." *Id.* "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted). Because exhaustion of administrative remedies is an affirmative defense, the burden of proof is on the defendants to demonstrate that Ms. Caudill failed to exhaust all available administrative remedies before she filed this suit. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

### III. Discussion
#### A. Facts

The following facts, unopposed by Ms. Caudill and supported by admissible evidence, are accepted as true for purposes of the motion for summary judgment:

The Jail has a grievance procedure through which inmates can grieve issues related to their conditions of confinement, such as those in Ms. Caudill's amended complaint regarding her medical treatment. Inmates are made aware of the grievance procedure via the inmate handbook, which is provided to them when they arrive at the Jail. Ms. Caudill signed an acknowledgment that she read and understood the Jail's grievance procedure. Dkt. 33-1 at 2, 8. Per the grievance procedure, any complaints about the Jail's conditions must be submitted in writing on a grievance

form within 72 hours of the alleged occurrence. The Jail must provide a timely response, and the inmate can appeal the response to the Jail Commander.

Ms. Caudill was incarcerated at the Jail from May 16, 2019, through November 6, 2019.[1] During that time, she submitted twelve grievances about various concerns. Ms. Caudill submitted two grievances on June 20 and June 22 concerning an inability to exercise. The responses to those grievances were that she would be allowed to walk around the medical unit for 30 minutes each evening.

Ms. Caudill also submitted a grievance on June 27 stating that Officer Robinson had brought her the wrong medication, that she had spit out the medication instead of ingesting it, that she had talked to another officer about the problem, and that Officer Robinson then brought her the correct medication. The response to that grievance was that the issue had been addressed. Ms. Caudill also submitted a grievance on July 8 complaining that someone with "Hep A ... keeps showering and touching things that aren't being sanitized," to which the response was "Noted." Dkt. 33-1 at 21. Ms. Caudill also submitted a grievance on August 20 complaining about her medication schedule, to which the response was that the responding officer would "get [with] medical in regards to the medication." Dkt. 33-1 at 25.

Ms. Caudill did not appeal the responses to her June 20, June 22, June 27, July 8, or August 20 grievances or file any subsequent grievances related to those issues.

**B. Analysis**

The undisputed facts set forth above demonstrate that Ms. Caudill did not properly complete the grievance process regarding her claims against Ms. Calhoun and Officer Robinson.

In her amended complaint, Ms. Caudill alleged that Ms. Calhoun failed to provide her

---

[1] All subsequent dates reference 2019 unless otherwise noted.

adequate exercise time and allowed her to be served uncooked bologna, which can cause listeria during pregnancy. She further alleged that Ms. Calhoun repeatedly failed to timely provide her medication, causing withdrawal symptoms and potential harm to her unborn baby. She also alleged that Officer Robinson gave her the wrong medicine, putting herself and her baby at risk.

First, with respect to her claim about being served uncooked bologna, there is no evidence that Ms. Caudill filed any grievance complaining about being served unsafe food. Accordingly, Ms. Caudill failed to exhaust her administrative remedies as to that claim. *See Dole,* 438 F.3d at 809 ("To exhaust remedies, a prisoner must file complaints and *appeals* in the place, and at the time, the prison's administrative rules require.") (internal quotation omitted) (emphasis added).

Next, with respect to Ms. Caudill's claim about her medication, there is no evidence that she completed the Jail's grievance process. Both her June 27 and August 20 grievances regarding her medication received responses that the issues were being addressed, and Ms. Caudill filed no appeal indicating that the response was inadequate. Similarly, with respect to the complaint about the potential Hepatitis A contamination of the shower and kiosks, Ms. Caudill likewise filed no appeal to the response she received.

Finally, with respect to Ms. Caudill's claim about her inability to exercise, there is again no evidence that she exhausted the Jail's grievance process. Although she filed grievances on June 20 and June 22 concerning her ability to exercise, she received a response that afforded her the relief of 30 minutes of exercise a day. *See* dkt. 33-1 at 11-12. Ms. Caudill neither appealed that response nor filed a subsequent grievance indicating that the Jail's afforded relief was inadequate, as is required for exhaustion. *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019); *see also Woodford*, 548 U.S. at 90 (exhaustion "means using all steps that the agency holds out[.]").

Ms. Caudill was required to exhaust her administrative remedies before bringing this

action, but she failed to do so.  Accordingly, her claims against Ms. Calhoun and Officer Robinson must be dismissed without prejudice.  *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

For the reasons explained above, the defendants' motion for summary judgment, dkt. [33], is **granted**.  Ms. Caudill's claims against Holley Calhoun and Officer Robinson are **dismissed without prejudice** for failure to exhaust.  Final judgment consistent with this Entry and with the screening Entry issued on November 20, 2019, dkt. [18], shall now issue.

**IT IS SO ORDERED.**

Date: 6/11/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CATINA CAUDILL
11085 W. Georgetown Rd.
Columbus, IN 47201

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com